(85 Misc. Rep. 24)

### GOLDSTUCK v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

1. CARRIERS (§§ 320, 347*)—INJURIES TO PASSENGERS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where a passenger, while standing on the platform of a crowded train, was injured by his foot becoming caught between two cars as the result of the train coming to a stop with a sudden jerk, evidence *held* to require submission of defendant's negligence and plaintiff's contributory negligence to the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325, 1346, 1350–1386, 1388–1397, 1402; Dec. Dig. §§ 320, 347.*]

2. TRIAL (§ 29*)—RECEPTION OF TESTIMONY—CONCLUSIONS.

After an expert had given an opinion in response to a hypothetical question without objection or motion to strike, the witness admitted that he based his answer on the testimony produced, and not on the facts assumed in the hypothesis, whereupon the court said, "Disregard the entire testimony. Now you may reframe your question." *Held*, that such statement was directed to the witness and the attorney, and was not objectionable as directing the jury to disregard the answer admitted without objection.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 80–83, 508; Dec. Dig. § 29.*]

3. TRIAL (§ 139*)—RECEPTION OF EVIDENCE—WEIGHT—QUESTION FOR JURY.

Where a passenger was injured by the alleged sudden stopping of a train with a jerk, the weight of the evidence of a motorman, testifying as

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an expert, that if only the fall of one man was caused by the jerk, he would not say it was an unusual one, was for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338-341, 365; Dec. Dig. § 139.*]

Appeal from City Court of New York, Trial Term.

Action by Herman Goldstuck against the Interborough Rapid Transit Company. From a City Court judgment dismissing the complaint at the close of the plaintiff's case, and from an order denying defendant's motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Joseph H. Freedman, of New York City (Samuel Deutsch, of New York City, of counsel), for appellant.

James L. Quackenbush, of New York City, for respondent.

LEHMAN, J. [1] The plaintiff sues for injuries alleged to have been received by the negligent operation of a train on which he was a passenger. At the trial he showed that he boarded the train at Twenty-Third street; that there were no vacant seats in the cars, and no standing room. He therefore stood on the platform, where other people were also standing. He testified that as the train pulled into the station at 138th street, it stopped with a sudden jerk, and he was thrown forward and backward, and his right foot caught between the two cars. The car came to a stop with a sudden jerk. The train was moving fast at that time, and then came to a stop all at once. A former motorman was then qualified as an expert, who testified, without objection, that, assuming a train on the elevated railroad going at a fast pace while entering a station came to a stop all at once, its effect would be to give the train a jar likely to upset the passengers, and that such a manner of stopping a train is very unusual. In bringing a train to a stop in the usual manner, no jerk or jar would be felt in the train, and that if a train is brought to a stop with a jerk or jar, the only reason for such a jerk or jar would be the fact that the train was brought to a stop in an unusual manner. If the brakes were operated properly, there would be no sudden jolt. It seems to me that a mere statement of this testimony shows beyond argument that there was a question of fact for the jury on the issue of negligence on the part of the defendant, and freedom of contributory negligence on the part of the plaintiff, and dismissal of the complaint was therefore erroneous.

[2] Upon the question of freedom from contributory negligence, it seems to me that the very cases cited by the defendant show that, upon the facts here shown, the plaintiff could not be held negligent as a matter of law, and it is only fair to state that the trial justice did not apparently base his dismissal on this ground. Upon the issue of the defendant's negligence, the defendant's attorney almost concedes that ordinarily the testimony above recited would constitute a prima facie case, and that questions, which would probably have shown negligence

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

even more clearly, were erroneously excluded, but he seeks to sustain the judgment of dismissal on the ground that the testimony of the motorman could not properly be considered. The first ground is that the court, without exception on the part of the plaintiff, directed the jury to disregard this testimony. This contention seems to me decidedly disingenuous. The record shows that the court did state: "Disregard the entire testimony. Now you may reframe your question"— but this statement follows an admission of the witness then on the stand that he based his answer to a hypothetical question on the testimony produced, and not on the facts assumed in the hypothesis, and the statement of the trial justice was evidently directed to the witness or the attorney. We certainly cannot assume that without motion the trial justice would direct the jury to disregard testimony admitted without objection.

[3] The second ground upon which the defendant bases his contention is that the motorman testified that if only the fall of one man was caused by the jerk, he would not say it was an unusual jerk. There is no evidence in the case that only the plaintiff was affected by the jerk; but, even if there were such evidence, the weight to be given to the motorman's entire testimony would still remain a question for the jury, and upon a dismissal of the complaint we are bound to give that testimony its most favorable inference.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.