## HARRY S. TARLAIAN *vs.* ANNEX MOTORS, INC.

JUNE 20, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of trespass on the case for trover to recover damages for the conversion of an automobile and certain other personal property. It was tried

before a justice of the Superior Court sitting without a jury and resulted in a decision for the plaintiff for $154, the value of the automobile and of certain articles contained therein. The case is before this court on defendant's exceptions to said decision and to rulings during the course of the trial.

It appeared in evidence that on March 14, 1931, the plaintiff purchased a Ford automobile from the defendant's predecessor on a conditional sales agreement by the terms of which the vendor was to retain title to the automobile until the purchase price—$250 plus interest of $30—was paid in full. The plaintiff paid $88 in cash and gave twelve notes for $16 each, payable monthly for twelve months. All the notes were paid when due, excepting the last two, due on February 14 and March 14, 1932, and totalling $32. In the conditional sales agreement appeared the following clause: "Title to said property shall not pass to the purchaser until all sums due under the contract are fully paid in cash. Time is of the essence of this contract and in the event the purchaser defaults on any payment, conditional sales vendor may take immediate possession of said property without demand (possession after default being unlawful). Failure to promptly exercise any remedies shall not waive the strict performance of the contract or prevent seller from immediately pursuing any or all of the said remedies."

After the execution of the contract and the payment of the cash and delivery of the notes, the vendor delivered possession of the automobile to plaintiff. Defendant negotiated the contract and notes to the Universal Credit Corporation, hereinafter called the "finance company." When the February note became due, plaintiff notified the finance company that he could not meet it and was granted an extension of thirty days. On March 24 the plaintiff received a letter from said company suggesting that if he would liquidate his February installment they would mark the March installment ahead one month to April 14. Plaintiff wrote that he could not meet these terms and in reply received from the finance company a letter dated

March 30, 1932, asking him to borrow the sum owed from another loan company and liquidate his obligation to the finance company within twenty-four hours of the receipt of this letter.

Plaintiff testified that on the afternoon of March 31, before he received the above letter of March 30, he saw one Fitzhenry, an agent of the finance company, and defendant's agent, Michelovitch, examining his automobile as it stood near his place of business. At 5:30 p. m., when plaintiff approached his automobile, Fitzhenry introduced himself and told plaintiff he had been sent down from Boston to get the money or the car at once. Plaintiff testified that Fitzhenry said if plaintiff obtained the money within twenty-four hours, he could get the automobile at the Annex Motors, Inc. After Fitzhenry had taken the car, plaintiff went to his home and found the last-mentioned letter. That night he obtained the money and went to the Annex Motors, Inc. where he made a tender which was refused. The next morning he telegraphed the money to the finance company but it was returned to him. After that, plaintiff made additional demands for the automobile but they were refused.

The court below gave decision for the plaintiff on the ground that the letter received by plaintiff after the taking of his automobile gave him the right to demand and recover it before the twenty-four hours stipulated in the letter of March 30 had elapsed. As the extension of the time of payment contained in said letter was without consideration and as the plaintiff was not prejudiced and assumed no obligation by reason of the receipt thereof, the defendant had the right to revoke or withdraw the offer of additional time for payment and to repossess itself of the automobile. The general rule is that before a communication granting an extension is received, relied and acted upon, the sender or vendor may revoke the extension at will. *Thurber* v. *Smith*, 25 R. I. 60; *Thompson* v. *Marseillaise Fr. Baking Co.*, 147 N. Y. Supp. 042; 8 C. J. 427.

The trial court in deciding the case made no finding upon the conflicting evidence as to whether, at the time of taking the automobile, defendant's agent offered plaintiff an additional twenty-four hours in which to make the remaining payments. If the plaintiff's testimony in this regard was found to be true, the act of defendant's agent amounted to a conditional waiver of the breach; and upon tendering the amount due within the time allowed plaintiff would be entitled to possession and one depriving him of such possession would be guilty of conversion.

As there must be a retrial of the case, the question of crediting unpaid installments against the amount of recovery in an action of trover and conversion may be considered. In *Smith* v. *Goff & Darling*, 29 R. I. 439, this court held that in an action by the purchaser against the seller for conversion of property bought upon the installment plan, unpaid installments should be credited against the amount recoverable.

The defendant's exception to the decision for the plaintiff is sustained. In view of this finding, it is unnecessary to consider defendant's other exceptions. The case is remitted to the Superior Court for a new trial.

*Arthur N. Votolato, Eugene J. Sullivan,* for plaintiff.
*Morris S. Waldman,* for defendant.